UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-05674-CAS (AFMx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | 21STMORTGAGE CORPORATION V. PAMELA JACKSON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS EX PARTE APPLICATION FOR AN ORDER DISMISSING THE STATE COURT CASE PURSUANT TO FRCP Rule 60(d)(3) (Dkt. 5, filed August 5, 2016)

PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Dkt. 6, filed August 16, 2016)

## I. INTRODUCTION AND BACKGROUND

On May 10, 2016, 21st Mortgage Corporation ("plaintiff") filed an unlawful detainer action in the Los Angeles County Superior Court against Pamela Jackson, Anthony Jackson, Barry Jackson, and Does 1 to 10 ("defendants"). Notice of Removal ("Removal") and Attached Complaint for Unlawful Detainer ("Complaint"). Defendants are allegedly occupants and possessors of a real property in Covina, California ("the property"). Compl. ¶ 2.

Plaintiff allegedly took title to the property at foreclosure sale on April 13, 2016. Id. ¶ 5. Plaintiff then received an executed Trustee's Deed Upon Sale, which was recorded in the Official Records of Los Angeles County, California. Id.

Barry Jackson filed a Notice of Removal on July 29, 2016, invoking the Court's federal question and diversity jurisdiction. Removal ¶¶ 3-12. On August 5, 2016, defendants filed an application for an order from this Court dismissing the state court case. Dkt. 5. Plaintiff filed a motion to remand the case to Los Angeles County Superior Court on August 16, 2016. Dkt. 6. The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-05674-CAS (AFMx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | 21STMORTGAGE CORPORATION V. PAMELA JACKSON, ET AL. | | |

the hearing date of September 19, 2016, is vacated, and the matter is hereby taken under submission.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## III. ANALYSIS

Here, the Court's review of the Notice of Removal, attached Complaint, and plaintiff's Motion to Remand make clear that this Court does not have subject matter jurisdiction over the instant matter.

### A. Diversity Jurisdiction

Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003) (per curiam). In unlawful detainer actions, "California courts have noted that 'the right to possession *alone* [is] involved,' - not title to the property." Litton Loan Servicing, L.P. v. Villegas, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-05674-CAS (AFMx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | 21STMORTGAGE CORPORATION V. PAMELA JACKSON, ET AL. | | |

Evans v. Superior Court, 67 Cal.App.3d 162, 168 (1977)). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Id. at *2. Where, as here, plaintiff seeks cumulative damages based on the reasonable daily value of possession, courts calculate the amount in controversy based on cumulative possession thus far. Id.

The amount in controversy here does not exceed $75,000. The complaint seeks only the reasonable value of the use and occupancy of the premises, calculated at $60 per day from May 17, 2016, to the date when defendants yield possession of the property to plaintiff. Compl. ¶ 9. In the approximately 92 days between May 17, 2016 and now, the cumulative amount in controversy is only $5,520. Accordingly, this Court lacks diversity jurisdiction.

### B. Federal Question Jurisdiction

There is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law") (citation omitted); IndyMac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Thus, plaintiff could not have brought this action in federal court, in that plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant") (footnote omitted).

Defendant contends that federal questions arise from his 14th amendment due process rights, hardship, unlawful foreclosure, and the construction of a "Pooling and Service Agreement" related to his mortgage. Removal ¶¶ 8-10. However, it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. Because plaintiff's complaint does not present a federal question,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-05674-CAS (AFMx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | 21STMORTGAGE CORPORATION V. PAMELA JACKSON, ET AL. | | |

either on its face or as artfully pled, the court lacks diversity jurisdiction under 28 U.S.C. § 1331.

### C. Remand

Having evaluated whether the Court has either diversity or federal question jurisdiction over this matter and concluded it does not, the Court has determined that this case must be remanded to state court.

### IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Superior Court of California, County of Los Angeles, forthwith. Plaintiff's request for reasonable attorneys fees in relation to this matter is **DENIED**.[1]

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] Having determined that this Court lacks jurisdiction over the matter, the Court does not reach defendant's application for an order dismissing the state court case.